■ In the Matter of JOHN D. YOUNG, Individually and as Executive Director and a Member of the Board of Managers of the Watson Homestead, and as Executive Director of the Watson Religious Scholarship Fund, and as Executive Director and Ex-Officio Member of the Board of Trustees of the Watson Homestead and the Watson Religious Scholarship Fund, Respondent, v. W. EARL LEDDEN et al., Appellants.—This is an appeal from an order of Special Term, Albany County, which denied a motion to drop Clemen E. Brown as a party; denied motions for a change of venue and designated a Referee to hear and determine the whole issue, except accounting. The motions arose out of proceedings brought by petitioners John D. Young and Clemen E. Brown under article 79 of the Civil Practice Act praying for the construction of a declaration of trust and to make such an adjudication as may be appro-priate. Clemen E. Brown, a resident of Albany County and a member of the board of managers of the Watson Homestead Foundation and John D. Young as executive director and in several other capacities under the trust instrument brought separate proceedings in Supreme Court, Albany County, for construction of the trust instrument and for reinstatement to their positions from which the board of trustees had purported to remove them. The two pro-ceedings were heard together before CHRISTOPHER HEFFERNAN, Official Referee, who ordered them reinstated. This court on appeal reversed and remitted to Special Term to bring in the Methodist Conference and the Painted Post Methodist Church as necessary parties. The amended petitions praying for a construction of the declaration of trust came on before Justice DECKELMAN at

Albany Special Term. There was a cross motion for an order dropping Brown as a party and a motion to change the venue from Albany to Steuben County. In our view Special Term was justified in refusing to drop Brown from the Young proceeding. Here two years after the institution of the Young proceeding, after a trial of both proceedings together, without objection as to parties, this belated motion is made to drop Brown from the Young proceeding, obviously to support the motion for change of venue. In our opinion Brown as a member of the board of managers is a necessary and proper party to this proceeding, vitally interested in the construction of this declaration of trust. Indeed under subdivision 2 of rule 102 of the Rules of Civil Practice the court could have deferred the determination of this motion until the trial. In holding that Special Term was correct in refusing to drop Brown as a party, of course, the motion to change venue falls as Brown is a resident of Albany County, but beyond that, it should be kept in mind that Brown's proceeding is pending in Albany County. There was no appeal in that proceeding. The same issues of law and fact apply to both proceedings. At this late date after the proceedings have been tried together once in Albany County, without objection as to venue, an effort is made to change the venue in one of the actions which would result in separate trials of the same issues in two counties. With the volume of work before our courts such a position is difficult to sustain. Order unanimously affirmed, with costs to petitioner-respondent and respondent Brown against respondents-appellants.